IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN M. WASSON**, | Case No. 2:13-cv-1194-SU |
| Plaintiff, | **ORDER** |
| v. | |
| **UNITED STATES**, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on February 9, 2021. Judge Sullivan recommended that this Court deny Plaintiff's petition for return of property.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. Plaintiff objects that Judge Sullivan improperly relied on issue preclusion because Plaintiff brings his motion under Rule 41(g) of the Rules of Criminal Procedure and is not making the same claims he previously made. Defendant responds that Rule 41(g) does not apply in a civil case. Rule 41(g), however, may apply in a civil case when there is no criminal case pending. *See, e.g.*, *Ramsden v. U.S.*, 2 F.3d 322, 324 (9th Cir. 1993) ("Nonetheless, district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant. These motions are treated as civil equitable proceedings and, therefore, a district court must exercise caution and restraint before assuming jurisdiction." (quotation marks and citation omitted)).

Plaintiff's objection still fails. Issue preclusion is not dependent on how a plaintiff frames his or her claim. It is about the underlying issue. As Judge Sullivan explained, the underlying issue in Plaintiff's current petition (that his property was improperly impounded and should be

returned) is the same as the issue raised and decided in his previous claims. The Court has reviewed *de novo* those portions of Judge Sullivan's Findings and Recommendation to which Plaintiff has objected. The Court agrees with Judge Sullivan's reasoning regarding issue preclusion and adopts those portions of the Findings and Recommendation.

For those portions of Judge Sullivan's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Sullivan's Findings and Recommendation, ECF 95. Plaintiff's Petition for Return of Seized Property and Assessment of Damages (ECF 90) is DENIED.

**IT IS SO ORDERED.**

DATED this 22nd day of March, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER